Jonathan Corbett, Esq. (CA Bar No. 325608)
**CORBETT RIGHTS, P.C.**
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
Phone: (310) 684-3870
FAX:   (310) 675-7080
E-mail: jon@corbettrights.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cindy Russo<br>*- and -*<br>Laurence Ashley Jeffery<br>*Plaintiff*<br><br>v.<br><br>City of Los Angeles,<br>Officer Robnett,<br>*- and -*<br>Officer Alcott<br>*Defendants* | Case No. 2:22-CV-5793<br><br>**COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

## Introduction

1. In late 2020, Plaintiffs Cindy Russo ("RUSSO") and Laurence Ashley Jeffery ("JEFFERY") were present at a peaceful protest on the public sidewalk near the home of Los Angeles Mayor Eric Garcetti.

2. Neither Plaintiffs nor any protest participants were using sound amplification devices, interfering with traffic, or otherwise creating an unreasonable disturbance that would stand to create an exception to their First Amendment right to protest or observe the same.

3. Notwithstanding, Los Angeles Police Department Officers Robnett ("ROBNETT") and Alcott ("ALCOTT") handcuffed and arrested Plaintiffs for violation of L.A.M.C. § 116.01 ("Loud, Unnecessary And Unusual Noise").

4. Plaintiffs' conduct almost certainly did not even violate the ordinance, but even if it did, the application of the ordinance to their conduct was obviously unconstitutional, and Plaintiffs ask the Court to hold all defendants liable for violating their First and Fourth Amendment rights.

## JURY DEMAND

5. Plaintiffs demand a jury on all issues so triable.

## PARTIES

6. Plaintiffs RUSSO and JEFFERY are both natural persons currently and at all times relevant residing in Los Angeles County, CA.

7. Defendants ROBNETT and ALCOTT are both natural persons that were at all times relevant employed as police officers by and in the City of Los Angeles, and upon belief, reside within the State of California.  These defendants are sued in their individual capacity.  Their first names are not presently known.

8. Defendant City of Los Angeles is a municipal subdivision of the State of California and is sued for a pattern or practice of unconstitutional conduct by its employees pursuant to the framework established by *Monell*.

## JURISDICTION

9. The Court has personal jurisdiction over all defendants because they all work, and upon belief reside, within the State of California, and the alleged tortious acts by defendants occurred within the same.

10. The Court has subject-matter jurisdiction over these claims because they are brought under federal law.  <u>See</u> 28 U.S.C. § 1331.

# ALLEGATIONS OF FACT

11. On November 27th, 2020, RUSSO and JEFFERY were present on the public sidewalk near the home of Los Angeles Mayor Eric Garcetti.

12. The purpose of their presence was to engage in a protest of Garcetti's policies or to observe the same.

13. Approximately one or two dozen protesters did engage in the protest as intended, and RUSSO and JEFFREY participated and/or remained to observe the same.

14. Neither RUSSO nor JEFFERY had or used a sound amplification device.

15. Neither RUSSO nor JEFFERY obstructed vehicle or pedestrian traffic.

16. Neither RUSSO nor JEFFERY engaged in violence or threats thereof.

17. Neither RUSSO nor JEFFERY in any way unlawfully disturbed the peace.

18. None of the other protesters present at the same time as RUSSO and JEFFERY engaged in any of the conduct described in ¶¶ 14 – 17, either.

19. This was a quintessential peaceful protest covered by the First Amendment to the U.S. Constitution, as incorporated against the states by the Fourteenth Amendment to the same, and Cal. Const., Art. I, §§ 2 & 3.

20. Upon information and belief, Mayor Garcetti, or another high-ranking official acting on his behalf, ordered that the protesters be cleared from the front of his home.

21. Officers from the Los Angeles Police Department responded to the scene.

22. Defendants ROBNETT and ALCOTT were, at the time, employed by the City of Los Angeles as police officers of the Los Angeles Police Department.

23. ROBNETT and ALCOTT were two of the responding officers.

24. ROBNETT and ALCOTT were in their police uniforms.

25. ROBNETT and ALCOTT were acting in furtherance of their employment.

26. Officer ROBNETT grabbed RUSSO by the wrist and aggressively placed her in handcuffs and under arrest.

27. RUSSO had committed no crime at this protest.

28. There was no probable cause to arrest RUSSO.

29. Officer ROBNETT knew there was no probable cause to arrest RUSSO and intentionally arrested her anyway.

30. Officer ALCOTT grabbed JEFFERY by the wrist and aggressively placed him in handcuffs and under arrest.

31. JEFFERY had committed no crime at this protest.

32. There was no probable cause to arrest JEFFERY.

33. Officer ALCOTT knew there was no probable cause to arrest JEFFERY and intentionally arrested him anyway.

34. Both RUSSO and JEFFERY were pushed by their arresting officers down the street.

35. Once they were sufficiently far away to satisfy their arresting officers, RUSSO and JEFFERY were forced to sit and/or stand facing a wall, and wait.

36. Both RUSSO and JEFFERY were detained for approximately 30 minutes.

37. Both RUSSO and JEFFERY were conscious at all times during their detention and were aware that they were detained.

38. Neither RUSSO nor JEFFERY consented to being detained.

39. Both RUSSO and JEFFERY were issued a citation for violating L.A.M.C. § 116.01.

40. Both RUSSO and JEFFERY were released from handcuffs and told to leave, and prohibited from walking in the direction towards the protest cite.

41. Both RUSSO and JEFFERY were caused physical pain from being handcuffed.

42. RUSSO and JEFFERY experienced anxiety, racing heart, and other symptoms of garden-variety emotional distress.

# CLAIMS FOR RELIEF

## Count 1 – 42 U.S.C. § 1983

*Against ROBNETT for Federal Constitutional Violations*

43. RUSSO was detained for peaceful protest and without probable cause in violation of her First and Fourth Amendment rights under the U.S. Constitution, as applied against the states by the Fourteenth Amendment to the same.

44. This detention was effected by ROBNETT while acting as a police officer for a political subdivision of the State of California, *i.e.*, under color of state law.

45. ROBNETT therefore violated 42 U.S.C. § 1983 and is liable to RUSSO for her injuries under the same.

## Count 2 – 42 U.S.C. § 1983

*Against ALCOTT for Federal Constitutional Violations*

46. JEFFERY was detained for peaceful protest and without probable cause in violation of his First and Fourth Amendment rights under the U.S. Constitution, as applied against the states by the Fourteenth Amendment to the same.

47. This detention was effected by ALCOTT while acting as a police officer for a political subdivision of the State of California, *i.e.*, under color of state law.

48. ALCOTT therefore violated 42 U.S.C. § 1983 and is liable to JEFFERY for his injuries under the same.

## Count 3 – 42 U.S.C. § 1983

*Against ROBNETT for State Constitutional Violations*

49. RUSSO was detained for peaceful protest and without probable cause in violation of her rights under the California Constitution, Article I, Sections 2 & 3.

50. This detention was effected by ROBNETT while acting as a police officer for a political subdivision of the State of California, *i.e.*, under color of state law.

51. ROBNETT therefore violated 42 U.S.C. § 1983 and is liable to RUSSO for her injuries under the same.

### Count 4 – 42 U.S.C. § 1983
### *Against ALCOTT for State Constitutional Violations*

52. JEFFERY was detained for peaceful protest and without probable cause in violation of his rights under the California Constitution, Article I, Sections 2 & 3.

53. This detention was effected by ALCOTT while acting as a police officer for a political subdivision of the State of California, *i.e.*, under color of state law.

54. ALCOTT therefore violated 42 U.S.C. § 1983 and is liable to JEFFERY for his injuries under the same.

### Count 5 – 42 U.S.C. § 1983
### *Against City of Los Angeles (Monell Claim) for RUSSO*

55. The injuries caused by the individual defendants against Plaintiffs were at the order of a high-ranking, policy-making official.

56. As such, causing these injuries was the official policy of the City of Los Angeles.

57. ROBNETT caused these injuries to RUSSO in furtherance of his employment by the City of Los Angeles.

58. The City of Los Angeles is therefore liable for the torts of ROBNETT against Russo.

### Count 6 – 42 U.S.C. § 1983
### *Against City of Los Angeles (Monell Claim) for JEFFERY*

59. The injuries caused by the individual defendants against Plaintiffs were at the order of a high-ranking, policy-making official.

60. As such, causing these injuries was the official policy of the City of Los Angeles.

61. ALCOTT caused these injuries to JEFFERY in furtherance of his employment by the City of Los Angeles.

62. The City of Los Angeles is therefore liable for the torts of ALCOTT against JEFFERY.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray that the Court order the following relief:

i. Actual damages against all defendants for loss of liberty, garden-variety emotional distress, pain, and suffering;

ii. Punitive damages against all defendants for the intentional violation of Plaintiffs' rights;

iii. Attorney's fees;

iv. Cost of the action;

v. Interest as allowed by law; and

vi. Any such further relief as the Court deems proper.

Dated:    Los Angeles, CA             Respectfully submitted,
          August 16th, 2022

                                      _____/s/Jonathan Corbett_____
                                      Jonathan Corbett, Esq. *(CA Bar 325608)*
                                      **CORBETT RIGHTS, P.C.**
                                      5551 Hollywood Blvd., Suite 1248
                                      Los Angeles, CA 90028
                                      Phone: (310) 684-3870
                                      FAX:   (310) 675-7080
                                      E-mail: jon@corbettrights.com
                                      *Attorney for Plaintiffs*